IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ROBERT EARL ROBINSON           §

VS.                            §   CIVIL ACTION NO. 1:07v243

S. LEBLANC                     §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Earl Robinson, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against S. LeBlanc. Plaintiff alleges the defendant has discriminated against him and failed to have him properly classified.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

The Civil Rights of Institutionalized Persons Act of 1980, as amended, provides that no action shall be brought concerning prison conditions by a prisoner confined in a jail, prison or other correctional facility until the administrative remedies at such facility are exhausted. 42 U.S.C. § 1997e. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks and regardless of whether the particular type of relief

sought is available through applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Texas state prison system, in which plaintiff is incarcerated, provides a two-step prison grievance procedure. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). Step 1 of the grievance procedure involves the prisoner submitting a grievance to the unit grievance coordinator. The unit grievance coordinator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The authorized decision maker for a Step 1 grievance is the warden or assistant warden. *Id.*

Step 2 of the grievance procedure involves the prisoner submitting an appeal to the division grievance investigator at prison headquarters. The division grievance investigator will investigate the grievance, collect documents and other evidence, interview witnesses, draft an investigation report of findings and prepare a recommendation for the review of the decision maker. The decision make for a Step 2 grievance is the regional director or assistant director. *Id*.

The grievance procedure takes approximately ninety days to exhaust. Prisoners are allowed fifteen calendar days to file a Step 1 grievance. The response of the warden or assistant warden is due forty calendar days from receipt of the grievance. The prisoner then has ten days to appeal the Step 1 decision by filing a Step 2 grievance. The regional director or assistant director then has forty calendar days to complete a response. *Id*.

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532.

In *Jones v. Block*, 127 S.Ct. 910 (2007), the Supreme Court recently stated that "failure to exhaust is an affirmative defense ... and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 921. However, in *Carbe v. Lappin*, ___ F.3d ___, 2007 WL 1934882 (5th Cir. July 5, 2007), the United States Court of Appeals for the Fifth Circuit held that under *Jones*, a court can dismiss a complaint for failure to state a claim if the complaint itself makes clear that the prisoner failed to exhaust his administrative remedies before filing his lawsuit.[1]

Plaintiff states in his complaint that he did not exhaust both steps in the grievance procedure before filing his complaint. Based on *Carbe v. Lappin*, *supra*, this lawsuit should therefore be dismissed for failure to state a claim upon which relief may be granted.

---

[1] In *Jones*, the Court stated that courts can dismiss a lawsuit for failure to state a claim when the existence of an affirmative defense such as the statute of limitations is apparent from the face of the complaint. 127 S.Ct. at 920-21.

Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to file objections bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

**SIGNED** this   19   day of      July         , 2007.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE